The plaintiff claims that the property, although it was not properly dseribed on the duplicate, has been correctly valued, and that he has paid taxes on the real value each year^and that the auditor is attempting to place upon the duplicate the additional nine feet and the value thereof, and will, unless enjoined by this court, proceed to enforce the collection of the back taxes for ten years.
It is very clear to my mind that the auditor, under the statute, did have power to fix the valuation on any property which was *386 omitted from the tax duplicate. This method is uniform all over the state and it applies to all property which comes under that clause. That is to say, while it is true that is not valuing property as other property is valued by the decennial appraisers, nevertheless the law is uniform in that it simply gives the auditor power to fix the valuation on all property omitted from the duplicate. It is founded on good sense and is uniform in its operation and constitutional. As far as that question is concerned, I think the auditor has the power to place a value on any property that is omitted.
Two questions only are involved in this case as I view it. The first is whether or not the duplicate may be attacked and ordered corrected by a court, and second, if so, what the facts show. Now the auditor’s duplicate is a prima facia instrument, that is to say, prima.facia, it imports the truth of its own record. But I hold it is not conclusive. On the discovery of an error it should be corrected even by the auditor himself, and if necessary he may receive evidence himself — even parol evidence. On the auditor’s failure, a court may ascertain the facts from evidence and order the correction. I think I am sustained in this by the ease of Lewis, Auditor, v. Mullikan, 59 O. S., 37; and the case of The State, ex rel, v. Aldridge, Auditor, 66 O. S., 598; the case of Hagerty, Auditor, v. Huddleston, 60 O. S., 149, and many other cases not necessary to cite.
The very fact, well settled, that a county auditor upon extrinsic evidence, may correct his own duplicate and add property ojnj.tted, etc., is a sufficient answer to the claim that the duplicate is conclusive and imports absolute verity and which can not be changed or varied. That this duplicate, prima facia imports the truth of its own record is, of course, settled not only by statute but by practice, and by matter of law independently of the statute it would bp, so regarded, although it might be well questioned as to whether or not this duplicate could be attacked if.at.ajl collaterally. Mr. Cooley, on his work on Taxation, cited by counsel for the defendant, on page 44, lays down this doctpijie.^.
*387 As to the facts, this case is peculiar — very peculiar in this, that it would require most careful ingenuity for an appraiser to have omitted the nine feet from his valuation. Upon the evidence as to the records given him and the actual situs and nature of the block and the comparison with adjoining blocks, independently of any verbal testimony of Williams, the appraiser, a strong presumption would arise at once in the mind of one weighing evidence, that, as a matter of fact, the entire block and frontage must have been valued, and that valuation placed on the duplicate opposite the imperfect description thereof. And a consideration of all the evidence fully satisfies me that, while the description on the tax duplicate was erroneous, the valuation was actually made of the whole block and included the actual High street frontage.
To illustrate what might occur, suppose that a block were built on a certain Lot No. 4, having a frontage of 150 feet, and by error it read on the tax duplicate 1.50 feet, but valued at the real value of the entire block and lot, what would be the proper course; to correct the duplicate as to the feet front, or add to the duplicate 148% feet and practically double the rate of taxation for 10 years past?
As to parol testimony, to vary the duplicate, I think the argument goes to the weight more than to the competency of it, and as to circumstances under which parol evidence will be admitted or denied. But this is not a case where the court would be justified in rejecting the evidence offered in this case. It is true that some of the questions, commencing with question No. 7 of Williams’ testimony, as to how he arrived at the valuation, and his calculations and multiplications, in so far as they might call for mental processes of reasoning, were properly objected to. It is not competent for me to consider them.
But the copy of the engineer’s plat given him, indicating what he was to appraise; the fact that the lots were entirely covered with one building; that the appraiser went through the building and examined it, and especially his testimony, in substance, that in valuing this property he valued it all, that whether the plat gave the correct frontage or not, he was so *388 familiar with the inlots and their dimensions that in placing the valuation he followed his own knowledge in that respect, considering them on the basis of their full frontage, referring especially to his answers to questions 178 and 188 — these all, I consider competent.
Nash, Lentz & Addison, for plaintiff.
Dyer, Williams & Stouffer, for defendant.
The appraiser, Williams, testifies, and I think it is clear, that he knew the frontage of that building — the actual frontage, and that he valued that actual frontage.
The prayer of the petition in this case will be granted, and the appeal bond wall be fixed at two hundred dollars. Exceptions will be noted.